**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | | |
|---|---|---|
| **CALVIN DEWAYNE WELLS,** | : | |
| **BELINDA ANGLON WELLS, and** | : | |
| **KINDRYN MARIE WELLS**, | : | |
| | : | |
| **Plaintiffs**, | : | **CASE NO:** |
| v. | : | **1:24-cv-55–WLS** |
| | : | |
| **JOE MULHOLLAND,** | : | |
| *in his personal capacity and in his official capacity as* | : | |
| *District Attorney for the South Georgia Judicial* | : | |
| *Circuit*, | : | |
| **Defendant**. | : | |
| _____ | : | |

## ORDER

Before the Court are Plaintiffs' Motion for Leave to File an Amended Complaint and supporting Memorandum (Docs. 44, 45) ("Motion to Amend") and Defendant's Motion to Dismiss (Doc. 42) ("Motion to Dismiss" and together with the Motion to Amend, the "Motions").

## I. BACKGROUND

The facts of this case are stated in detail in the Court's Order (Doc. 22) ("TRO Order") entered July 9, 2024. Only facts necessary for resolution of the Motions are restated herein. In the TRO Order, the Court denied Plaintiffs' motion for a temporary restraining order and preliminary injunctive relief to stop the state court prosecution against all three Plaintiffs involving the following three indictments obtained by Defendant Joe Mulholland ("Mulholland" or "Defendant"), the District Attorney for the South Georgia Judicial Circuit:

1. Indictment obtained July 26, 2023 ("July 2023 Indictment") charging Plaintiffs Calvin Wells and Belinda Wells with the unlawful purchase of regulated metals and alleging that while operating as secondary metal recyclers, Calvin and Belinda Wells failed to maintain legible records of their purchases of large appliances, iron, and mixed steels from unidentified sellers.

1

2. Indictment obtained October 2, 2023 ("October 2023 Indictment'), against Calvin and Belinda Wells that included the same counts as the July 2023 Indictment, but added a charge that they knowingly and willfully operated a chop shop.

3. Indictment obtained April 9, 2024 ("April 2024 Indictment"), against Calvin and Belinda Wells and their daughter, Plaintiff Kindryn Wells, alleging the same charges as in the July 2023 and October 2023 Indictments. Calvin Wells, Belinda Wells, and Kindryn Wells are referred to collectively herein as the "Wellses" or "Plaintiffs."

Prior to Mulholland obtaining the April 2024 Indictment adding Kindryn Wells, Calvin and Belinda Wells filed various motions and pleadings contesting the validity of the July 2023 and October 2023 Indictments. On February 12, 2024, the Superior Court of Baker County held an evidentiary hearing ("2024 State Court Hearing") on Calvin and Belinda Wellses' motions at which Kindryn Wells testified on behalf of her parents.

The Plaintiffs were waiting for a decision on those state court motions when, on April 25, 2024, they filed their original Complaint for Declaratory and Injunctive Relief and Damages (Doc. 1) in this Court. At that time, Plaintiffs also filed their original Rule 65 Motion for Temporary Restraining Order and Preliminary Injunctive Relief (Doc. 2), which they amended on May 10, 2024, (Doc. 13) (together, the "TRO Motion"). On May 10, 2024, Plaintiffs also filed their First Amended Complaint for Declaratory and Injunctive Relief and Damages (Doc. 12) ("FAC"). The FAC is currently the operative complaint in this matter.

On May 21, 2024, the Court held an evidentiary hearing ("TRO Hearing") on the TRO Motion, and on July 9, 2024, the Court entered the TRO Order (Doc. 22) finding that *Younger*[1] abstention applied in this case and that none of the *Younger* exceptions applied. Therefore, the Court denied the TRO Motion.[2] On appeal, the Eleventh Circuit affirmed the Court's decision (Docs. 38, 39) ("Circuit's Opinion").

After affirmance of the TRO Order, the following claims remain pending against Mulholland:

---

[1] *Younger v. Harris*, 401 U.S. 37 (1971).

[2] The Court also denied, by separate order (Doc. 23), Plaintiffs' Second Amended Rule 65 Motion for Temporary Restraining Order and Preliminary Injunctive Relief (Doc. 18) which raised the same issues as those in their TRO Motion (Docs. 2, 13).

2

Count II: alleging a § 1983 retaliation claim against Mulholland in his official and individual capacities for allegedly filing the April 2024 Indictment against Plaintiffs in retaliation for Calvin and Belinda Wells filing various motions and documents contesting the July 2023 and October 2023 Indictments and in retaliation for Kindryn Wells testifying on behalf of Calvin and Belinda Wells at the 2024 State Court Hearing on those various motions, all in violation of Plaintiffs' First and Fourteenth Amendments rights;

Count III: alleging a § 1983 claim against Mulholland in his official and individual capacities for alleged substantial interference with Kindryn Wells's free choice to testify on behalf of Calvin and Belinda Wells in violation of Plaintiffs' Sixth and Fourteenth Amendments rights;

Count IV: alleging a § 1983 claim against Mulholland in his official and individual capacities for violation of Calvin and Belinda Welles' Fourteenth Amendment Procedural Due Process rights by intimidating their witness, Kindryn Wells;

Count V: asserting a claim under 42 U.S.C. § 1988 for attorney's fees; and

Count VI: alleging a breach of implied contract of bailment in the loss of video equipment seized during a search of Calvin and Belinda Wellses' property.

After the TRO Order was affirmed, the Parties were ordered to file a status report providing the Court with information as to how they intended to proceed with this matter in view of the denial of injunctive relief. (Doc. 24). Upon being notified that the Plaintiffs intended to proceed with this action, Defendant was given thirty days within which to file an answer or other pleading in response to Plaintiffs' FAC. The Motion to Dismiss was timely filed, and Plaintiffs filed a response thereto (Doc. 43).

Plaintiffs also filed the Motion to Amend presently before the Court seeking leave to file a Second Amended Complaint (Doc. 44-1) ("proposed SAC"), a copy of which is attached to the Motion to Amend. Defendant's Response in Opposition to Plaintiffs' Motion for Leave to File Amended Complaint (Doc. 47) was filed November 13, 2025. Mulholland opposes the Motion to Amend on the basis that amending the FAC would be futile.

On April 14, 2026,[3] a hearing was held on the Motions and the matters are now ripe for decision. In the event the Motion to Amend is granted the SAC supersedes the FAC,

[3] The hearing was originally scheduled for January 20, 2026, but was continued for good cause at Defendant's request and with the consent of Plaintiffs.

thereby rendering the Motion to Dismiss moot. *Coen v. Georgia Dep't of Corr.*, No. 5:16-CV-00353, 2018 WL 4365503, at \*2 (M.D. Ga. Sept. 13, 2018) (stating that if the court grants leave to file a second amended complaint, "the proposed complaint would supersede the first amended complaint[,]" and "[d]efendants' pending motion to dismiss the first amended complaint would, therefore, be rendered moot." (citations omitted)). The Court, thus, first reviews the Motion to Amend.

## II.   MOTION TO AMEND – LAW AND ANALYSIS

### A.  STANDARD FOR MOTION TO AMEND

Pursuant to Federal Rule of Civil Procedure 15:

(1) **Amending as a Matter of Course**. A party may amend its pleading *once* as a matter of course no later than:

(A) 21 days after serving it, or

(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

(2) **Other Amendments**. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a)(1), (2) (italicized emphasis added). Here, Plaintiffs filed the FAC under Rule 15(a)(1) which a party is permitted to use "*once*." Fed. R. Civ. P. 15(a)(1). Thus, they require Defendant's consent or leave of Court to file their proposed SAC. "Generally speaking, . . . the law requires that a district court liberally grant motions for leave to amend the pleadings and deny such a motion only under certain circumstances." *Schorr v. Countrywide Home Loans, Inc.*, No. 4:07-CV-019 (WLS), 2013 WL 12214430, at \*2 (M.D. Ga. Jan. 31, 2013) (citing *Burger King Corp. v. Weaver*, 169 F.3d 1310 (11th Cir. 1999)). "[U]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Burger King*, 169 F.3d at 1319 (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)).[4] One substantial reason to deny leave to amend is that the amendment would be futile, meaning that "the complaint as amended would still be properly dismissed[5] or be

---

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

[5] Defendant incorporates his Motion to Dismiss into his response to the Motion to Amend "as the arguments made therein underscore the futility of plaintiffs' requested amendment." (Doc. 47 at 2). The Court normally

immediately subject to summary judgment for the defendant." *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (per curiam). Substantial reasons include undue delay, futility, bad faith, and dilatory motive, among others. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### B. MOTION TO AMEND

In their proposed SAC, Plaintiffs remove claims against Mulholland in his official capacity and allege all claims against him only in his individual capacity.[6] Plaintiffs also abandon their claim in Count I of the FAC for declaratory and injunctive relief, add factual allegations that the state court dismissed all three of the state court Indictments against Plaintiffs, and add a claim against Mulholland for malicious prosecution in violation of Plaintiffs' Fourth Amendment rights. Mulholland asserts that the amendment is futile because he is entitled to absolute prosecutorial immunity and that certain of the amendments are essentially of no moment.

Except for the above amendments, the proposed SAC is substantially the same as the operative FAC. In considering each of Plaintiffs' proposed amendments, the Court finds that the proposed SAC is futile and/or that the particular amendments are inconsequential or unnecessary, particularly in light of the pending Motion to Dismiss.

First, it is unnecessary to amend the FAC to remove the request for declaratory and injunctive relief. The TRO Order and Circuit's Opinion resolved that issue. Injunctive relief was denied and Count I of the FAC was dismissed.

Second, Mulholland asserts that the amendment removing the official capacity claims is unnecessary as those claims are addressed in the Motion to Dismiss. As Mulholland argues and as discussed below, the official capacity claims are barred by Eleventh Amendment immunity. *See infra* Part III.B.1 (discussing Eleventh Amendment immunity).

Finally, the sole purpose of including the factual allegations that all three state court Indictments were dismissed appears to be to provide support for Plaintiffs' new claim against Mulholland for malicious prosecution in violation of Plaintiffs' Fourth Amendment rights.

---

finds this practice inappropriate. However, as noted, one of the exceptions to freely granting motions to amend the complaint is considering the futility of the amendment, including whether the amended complaint would properly be subject to a motion to dismiss.

[6] The proposed SAC names as Defendant, Joe Mulholland, in his individual capacity *as District Attorney for the South Georgia Judicial Circuit*. It is unclear why Mulholland's status as District Attorney remains in the caption if Plaintiffs intend to bring claims against him only in his individual capacity.

However, Eleventh Circuit case law clearly reflects that prosecutors are absolutely immune from claims for malicious prosecution. *See, e.g.*, *Hart v. Hodges*, 587 F.3d 1288, 1295 (11th Cir. 2009) (per curiam) (examining history and Supreme Court cases and stating "[p]rosecutorial immunity applies, for instance, to the prosecutor's actions in initiating a prosecution and presenting the State's case. A prosecutor is immune for malicious prosecution." (citation omitted)); *see also infra* Part III.B.2.a (discussing prosecutor's absolute immunity). Thus, to the extent Plaintiffs seek to add a claim against Defendant for malicious prosecution and factual allegations to support such claim, the proposed amendment is futile. It would be subject to immediate dismissal.

Based on the foregoing, the Court finds that Plaintiffs' proposed amendment is futile. Accordingly, the Motion to Amend (Doc. 44, 45) is **DENIED**.

### III.  MOTION TO DISMISS THE FAC – LAW AND ANALYSIS

Having denied the Motion to Amend, the Court turns to Mulholland's pending Motion to Dismiss.

#### A.  STANDARD FOR MOTION TO DISMISS

Federal Rule of Civil Procedure 12(b)(6) permits a party to assert by motion the defense of failure to state a claim upon which relief can be granted. A motion to dismiss a plaintiff's complaint under Rule 12(b)(6) should not be granted unless the plaintiff fails to plead enough facts to state a claim for relief that is plausible, and not merely conceivable, on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Dismissal for failure to state a claim is proper if the factual allegations are not 'enough to raise a right to relief above the speculative level.'" *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010) (quoting *Rivell v. Priv. Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008) (per curiam)). "Stated differently, the factual allegations in the complaint must 'possess enough heft' to set forth 'a plausible entitlement to relief.'" *Edwards*, 602 F.3d at 1291 (quoting *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282 (11th Cir. 2007) (per curiam)).

The Court must conduct its analysis "accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003) (per curiam). "In evaluating the sufficiency of a plaintiff's pleadings, [the Court] make[s] reasonable inferences in plaintiff's favor, but [the Court is] not required to

draw plaintiff's inference." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (internal quotation marks and citation omitted), *abrogated on other grounds by Mohamad v. Palestinian Auth.*, 566 U.S. 449 (2012). The Supreme Court instructs that while on a motion to dismiss "a court must accept as true all of the allegations contained in a complaint," this principle "is inapplicable to legal conclusions," which "must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citing *Twombly*, 550 U.S. at 555)).

When considering a motion to dismiss, "the court limits its consideration to the pleadings and exhibits attached thereto." *Thaeter v. Palm Beach Cnty. Sheriff's Off.*, 449 F.3d 1342, 1352 (11th Cir. 2006) (internal quotation marks omitted); *see also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). Typically, a motion to dismiss must be converted into a motion for summary judgment when a district court considers matters outside the pleadings. Fed. R. Civ. P. 12(d). "However, there are two exceptions to this conversion rule: (1) the incorporation-by-reference doctrine and (2) judicial notice." *Johnson v. City of Atlanta*, 107 F.4th 1292, 1298 (11th Cir. 2024). "A court may take judicial notice of its own records and the records of inferior courts." *United States v. Rey*, 811 F.2d 1453, 1457, n.5 (11th Cir. 1987); *see also Freshman v. Atkins*, 269 U.S. 121, 124 (1925) (stating court may take judicial notice of, and give effect to, its own records in another, but interrelated, proceeding).

### B. ANALYSIS OF MOTION TO DISMISS

The remaining substantive claims in the FAC were summarized above. Counts II, III, and IV of the FAC, which are brought against Mulholland in his official and individual capacities, are based on Mulholland's alleged bad faith in bringing two indictments (the July 2023 and October 2023 Indictments) against Calvin and Belinda Wells allegedly without probable cause. Plaintiffs further allege Mulholland acted in bad faith and for retaliatory purposes when he brought the third indictment against Calvin and Belinda Wells and a first indictment against Kindryn Wells; *i.e.*, the April 2024 Indictment. Count VI is a state law claim for breach of the implied contract of bailment.[7] There, Plaintiffs contend Mulholland directed law enforcement officers to seize a video system from Calvin and Belinda Wellses' business location. They further allege that the video system contained exculpatory evidence and that

---

[7] Count V asserts a claim for attorney fees under 42 U.S.C. § 1988.

Mulholland or his agent has since misplaced or destroyed the video system in violation of Mulholland's duties as a bailee.

Mulholland asserts two bases upon which the Court should dismiss the remaining allegations in the FAC. First, Mulholland asserts that he is entitled to absolute prosecutorial immunity and/or Eleventh Amendment immunity with respect to the claims against him. Plaintiffs contest this argument. Second, Mulholland contends that the issues of bad faith and retaliation on his part have already been resolved because the law-of-the-case doctrine applies to the Court's TRO Order and the Circuit's Opinion affirming that Order thereby resolving the issues in his favor. Plaintiffs contest this argument because those decisions were made with respect to a motion for temporary restraining order and preliminary injunction, not on the merits of the case. Therefore, they argue, such decisions cannot operate as law of the case. The Court discusses Eleventh Amendment and prosecutorial immunity and the law-of-the-case doctrine and analyzes Plaintiffs' claims against the Motion to Dismiss under the applicable theory.

1. Official Capacity Claims Against Mulholland are barred by Eleventh Amendment Immunity

Mulholland moves to dismiss Plaintiffs' § 1983 claim against him in his official capacity on the basis that such claims are barred by Eleventh Amendment immunity. The Court agrees.

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI. "The Eleventh Amendment protects a State from being sued in federal court without the State's consent. As a result, parties with claims against a non-consenting State must resort to the State's own courts." *Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2003). The Eleventh Amendment also bars suit brought in federal court when an "arm of the State" is sued. *Id.*

The Plaintiffs do not contest that their official capacity claims against Mulholland are barred. Rather they contend that Eleventh Amendment immunity does not bar their claims against Mulholland in his individual capacity. Plaintiffs have abandoned their official capacity claims against Mulholland. Thus, the Court finds that the Eleventh Amendment bars Plaintiffs' claim against Mulholland in his official capacity. Based on the Court's finding, Plaintiffs failed

8

to state a claim upon which relief can be granted with respect to their § 1983 claims in Counts II, III, and IV against Mulholland in his official capacity for violation of Plaintiffs' First, Sixth, and Fourteenth Amendment rights.

Accordingly, Mulholland's Motion to Dismiss Plaintiffs' § 1983 Claim against him, in his official capacity, for violation of Plaintiffs' First, Sixth, and Fourteenth Amendment rights is **GRANTED**. As a result, Plaintiffs' § 1983 claims against Mulholland in his official capacity are **DISMISSED WITHOUT PREJUDICE**.

    2. <u>Counts II, III, and IV – § 1983 Individual Capacity Claims are barred by Absolute Prosecutorial Immunity or Fail to State a Claim</u>

    *a)   Absolute Prosecutorial Immunity*

The Supreme Court has employed a "functional" approach to determine whether an individual is entitled to absolute prosecutorial immunity. *Burns v. Reed*, 500 U.S. 478 486 (1991). It has also noted that its decisions have "emphasized that the official seeking absolute immunity bears the burden of showing that such immunity is justified for the function in question." *Id.* This functional approach "is a fact-specific inquiry that 'looks to the nature of the function performed, not the identity of the actor who performed it.'" *Kassa v. Fulton Cnty, Ga.*, 40 F.4th 1289, 1292 (11th Cir. 2022) (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993).

> Supreme Court decisions [after *Burns v Reed*, 500 U.S. 478 (1991),] established outer bounds on what activities qualify for prosecutorial immunity and to which individuals it applies. Prosecutorial immunity applies, for instance, to the prosecutor's actions in initiating a prosecution and presenting the State's case. A prosecutor is immune for malicious prosecution. Prosecutors are immune for appearances before a court and conduct in the courtroom, including examining witnesses and presenting evidence in support of a search warrant during a probable cause hearing. . . .
>
> Applying these principles, our circuit has emphasized that, a prosecutor enjoys absolute immunity from allegations stemming from the prosecutor's function as advocate. Such absolute immunity extends to a prosecutor's acts undertaken in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State. Although absolutely immune for actions taken as an advocate, the prosecutor has only qualified immunity when performing a function that is not associated with his role as an advocate for the state. Prosecutors have absolute immunity when filing an information without investigation, filing charges without jurisdiction, filing a baseless detainer, offering perjured testimony, suppressing exculpatory

9

evidence, refusing to investigate complaints about the prison system, and threatening further criminal prosecutions.

. . . .

On the other hand, prosecutorial immunity does not apply when the prosecutor acts outside the ambit of activities intimately associated with the judicial process. Generally, the Supreme Court has made clear that prosecutorial immunity may not apply when a prosecutor is not acting as an officer of the court but is instead engaged in certain investigative or administrative tasks. These activities include conducting investigative work before an arrest, making statements to the press, and providing legal advice to police regarding pre-indictment investigation techniques. Prosecutorial immunity does not apply when a prosecutor knowingly makes false statements of fact in an affidavit supporting an application for an arrest warrant.

*Hart v. Hodges*, 587 F.3d 1288, 1295–96 (11th Cir. 2009) (citation modified).

We have not retreated, however, from the principle that acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity. Those acts must include the professional evaluation of the evidence assembled by the police and appropriate preparation for its presentation at trial or before a grand jury after a decision to seek an indictment has been made.

*Buckley*, 509 U.S. at 273.

The allegations in Counts II, III, and IV all arise from Mulholland's alleged retaliatory motive in obtaining the Indictments—and in particular obtaining the April 2024 Indictment against all of the Plaintiffs and to a lesser extent in obtaining the October 2023 Indictment against Calvin and Belinda Wells. They make allegations of questionable grand jury proceedings. They question Mulholland's good faith in bringing the Indictments. However, Plaintiffs' arguments miss the point. "Whether Defendant's conduct lacked authority or was mistaken, wrong, or even malicious is immaterial." *Moncus v. Lasalle Mgmt. Co., LLC*, 423 F. Supp. 3d 1358, 1364 (M.D. Ga. 2019) (citing *Hart*, 587 F.3d at 1298 ("[T]he absolute immunity doctrine has evolved such that even wrongful or malicious acts by prosecutors are allowed to go unredressed.")). The proper inquiry is whether Mulholland acted within his role as an advocate for the State. *Id.* Mulholland is absolutely immune from actions he took as an advocate for the State of Georgia in presenting his case for the Indictments to the grand jury. *Burns*, 500 U.S. at 490 n.6 (1991) ("There is widespread agreement among the Courts of Appeals that prosecutors are absolutely immune from liability under § 1983 for their conduct

10

before grand juries."). In presenting the charges against Plaintiffs before a grand jury and obtaining the Indictment of which Plaintiffs complain, Mulholland was acting within his role as an advocate for the State. As shown by the above discussion, simply making allegations asserting claims in Mulholland's individual capacity does not overcome the functional analysis that must be made when considering whether a prosecutor is protected by absolute prosecutorial immunity.

Plaintiffs assert that "the facts suggest Mulholland stepped out of his role as prosecutor and into an investigative role when he presumably investigated Kindryn following her testimony [given at the 2024 State Court Hearing] because Griffin, who [Mulholland] listed as the investigator, testified that he did not investigate Kindryn." (Doc. 43 at 12). Plaintiffs posit that if Griffin did not investigate Kindryn, then did Mulholland investigate Kindryn? (*Id.*) This assertion is entirely speculative. In addition, while Plaintiffs rely on the testimony of witnesses given during the TRO Hearing in this Court and by witnesses given during the 2024 State Court Hearing, they totally ignore Mulholland's testimony at the TRO Hearing; *i.e.*, that Mulholland indicted Kindryn based solely on her testimony given during the 2024 State Court Hearing because she *incriminated* herself at that hearing.[8] No further investigation was needed.

Based on the foregoing, the Court finds that Mulholland is entitled to absolute prosecutorial immunity for his actions in obtaining the Indictments against the Plaintiffs. Accordingly, Mulholland's Motion to Dismiss Counts II, III, and IV against him, in his individual capacity, for violation of Plaintiffs' First, Sixth, and Fourteenth Amendment rights is **GRANTED**. As a result, Counts II, III, and IV stating § 1983 claims against Mulholland in his individual capacity are **DISMISSED WITH PREJUDICE**.

### b) *Law-of-the-Case Doctrine*

Even if Mulholland was not entitled to prosecutorial and Eleventh Amendment immunities, the law-of-the-case doctrine is applicable, and the Motion to Dismiss would still be granted on that basis. Thus, the Court next examines the TRO Order and Circuit Opinion to determine their effect, if any, on the allegations contained in Plaintiffs' FAC.

> Under the "law of the case" doctrine, the findings of fact and conclusions of law by an appellate court are generally binding in all subsequent proceedings

---

[8] Plaintiffs further ignore the finding in the Circuit's Opinion to the same effect— Kindryn Wells was indicted because she incriminated herself and not because Mulholland was retaliating against her for exercising her constitutional rights. *Wells*, 2025 WL 1860248, at *2; *see infra* Part III.B.2.b at 13.

> in the same case in the trial court or on a later appeal. Furthermore, *the law-of-the-case doctrine bars relitigation of issues that were decided either explicitly or by necessary implication.* The doctrine's central purposes include bringing an end to litigation, protecting against the agitation of settled issues, and assuring that lower courts obey appellate orders.
>
> When a court decides a question of law, the only means by which the law-of-the-case doctrine can be overcome is if: (1) since the prior decision, new and substantially different evidence is produced, or there has been a change in the controlling authority; or (2) the prior decision was clearly erroneous and would result in a manifest injustice.

*This That & The Other Gift & Tobacco, Inc. v. Cobb Cnty.*, 439 F.3d 1275, 1283 (11th Cir. 2006) (per curiam) (emphasis added) (internal quotations marks and citations omitted).

In determining whether the *Younger* abstention doctrine applies to preclude a federal court from interfering with a state court criminal prosecution, court's consider the following three factors: "First, is the state proceeding ongoing at the same time as the federal one? Second, does the state proceeding implicate an important state interest? And third, does the state proceeding provide an adequate opportunity to raise the federal claim?" *Leonard v. Ala. State Bd. of Pharmacy*, 61 F.4th 902, 908 (11th Cir. 2023) (citation and internal quotation marks omitted). If these "factors are met, *Younger* abstention is warranted," *id.*, unless any one of the following exceptions apply: "(1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised." *Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1263 n.6 (11th Cir. 2004) (citing *Younger*, 401 U.S. 37, 45, 53–54 (1971)); *see also Leonard*, 61 F.4th at 908.

The claims alleged against Mulholland in the FAC are based on Mulholland's alleged bad faith and/or retaliatory conduct in bringing the Indictments against the Plaintiffs. In considering the exceptions to the *Younger* doctrine and determining that none applied, this Court necessarily considered whether Mulholland had acted in bad faith or with a retaliatory motive in obtaining the Indictments. Mulholland testified at the May 21, 2024 TRO Hearing that (1) he did not know the Plaintiffs prior to obtaining the July 2023 Indictment; (2) he does not obtain grand jury indictments on which he does not intend to obtain convictions or on which he does not believe he can obtain convictions; (3) he obtained the April 2024 Indictment against Kindryn Wells because she incriminated herself at the 2024 State Court Hearing—not in retaliation for her giving testimony favorable to Calvin and Belinda Wells at that hearing;

(4) he did not participate in any search warrant ever conducted by the Baker County Sheriff's Office; and (5) he does not house evidence for the Baker County Sheriff's Office. In reviewing the evidence presented at the TRO Hearing, the Court determined that "Plaintiffs fail[ed] to show that . . . any of the Indictments were obtained by Mulholland in bad faith or for purposes of harassment or retaliation." (TRO Order 12). This finding was critical to the Court's finding that exception number one to the *Younger* abstention doctrine did not apply.

On appeal, the Plaintiffs argued that this Court should have found that the bad faith exception applied to preclude abstention under the *Younger* doctrine.[9] *Wells, et al. v. Mulholland*, No. 24-12535, 2025 WL 1860248, at *2 (11th Cir. July 7, 2025) (per curiam). Specifically, the Plaintiffs argued that Mulholland acted in bad faith in retaliating against them for exercising their constitutional rights and that he acted in bad faith by bringing Indictments without the reasonable expectation of a conviction, which implicates the due process clause. Plaintiffs argued that Mulholland's bad faith should have overcome application of the *Younger* abstention doctrine. *Id.*

In addressing whether abstention is appropriate in a given case, the Eleventh Circuit reviews the district court's decision to abstain for abuse of discretion. *Wells*, 2025 WL 1860248, at 1. "Abstention from the exercise of federal jurisdiction is the exception, not the rule." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976). With respect to the bad faith retaliation assertion for indicting Kindryn Wells, the Eleventh Circuit noted that "[w]hile Kindryn was in fact charged based on the content of her speech in the form of her testimony at the hearing on behalf of her parents, invoking the First Amendment will not protect her from the consequences of exercising that right." *Wells*, 2025 WL 1860248, at *2. The Circuit found that Kindryn Wells was indicted because she incriminated herself and not because Mulholland was retaliating against her for exercising her constitutional rights. *Id.*

As to the October 2023 Indictment that Calvin and Belinda Wells contend was obtained in retaliation for them seeking immediate release of seized property and their initiation of an appeal to secure that release, the Eleventh Circuit stated that the Wellses had not "adduced evidence showing that the indictments were related in any significant way to the

---

[9] Plaintiffs did not argue that either of the other exceptions to application of *Younger* applied.

Wellses' filings, especially in light of Mulholland's cogent explanations for the [October 2023 Indictment]—the investigator informed him of additional evidence." *Id.*

Finally, with respect to the assertion that abstention was not proper because of Mulholland's bad faith prosecution without a reasonable expectation of a conviction, the Eleventh Circuit found that

> [*T*]*he record bears out that Mulholland had ample probable cause to bring the indictments.* The Wellses were warned numerous times—before the search warrant, the search, and indictments—that their purchases of scrap metal were not being reported in compliance with state law; the investigating officers saw numerous appliances and vehicles in the junk yard that were almost certainly bought and should have been recorded, but the reporting from the Wellses on LeadsOnline, as required by law, was suspiciously minimal. *And there is nothing in the record to suggest any hostility or bias against the Wellses on the part of Mulholland.* There is no indication of past interaction with the Wellses by Mulholland or the investigating officers. *As the district court found: the Wellses "failed to provide anything but conclusory statements and arguments in support of their position that Mulholland acted in bad faith in bringing or pursuing the indictments."*

*Id.* at 3 (emphasis added) (quoting TRO Order 6). Just as with this Court, the Eleventh Circuit's findings that Mulholland had not acted in bad faith in prosecuting the Wellses and that he had not been retaliating against them, were critical to its review and affirmation of this Court's decision. These issues were decided explicitly; and under the law-of-the-case doctrine, the Eleventh Circuit's findings on these issues is binding in all subsequent proceedings in this case before this Court. *This That & The Other Gift & Tobacco*, 439 F.3d at 1283.

All of Plaintiffs' 1983 claims are based on Mulholland's alleged bad faith and retaliatory actions. The TRO Order and Circuit's Opinion were decided based on the factual allegations asserted in the FAC and the evidence presented at the TRO Hearing. No new or substantially different allegations were presented in the proposed SAC that would have produced a different result. As noted, Plaintiffs substantially reiterated the allegations in the FAC in their proposed SAC. The Court has found the proposed SAC to be futile and although Plaintiffs may disagree with the findings made in the TRO Order and in the Circuit's Opinion, such disagreement does not make the prior decision clearly erroneous or manifestly unjust. *This That & The Other*, 439 F.3d at 1283.

Based on the foregoing, the Court finds that pursuant to the Circuit's Opinion, Mulholland did not act in bad faith or with retaliatory motives in obtaining the Indictments.

14

Accordingly, Plaintiffs failed to state a claim upon which relief may be granted with respect to Counts II, III, and IV of the FAC and the Motion to Dismiss is **GRANTED** with respect to those Counts. Accordingly, Counts II, III, and IV stating § 1983 claims against Mulholland in his individual capacity are **DISMISSED WITH PREJUDICE**.

### 3. Count V – Attorney Fees under 42 U.S.C. § 1988

42 U.S.C. § 1988 authorizes a federal court to award "a reasonable attorney's fee as part of the costs" whenever a plaintiff prevails on a claim brought pursuant to § 1983. As all Plaintiffs' § 1983 claims have been dismissed, Plaintiffs are not entitled to an award of attorney fees under § 1988.

Accordingly, Count V of the FAC is **DISMISSED WITH PREJUDICE**.

### 4. Count VI – State Law Claim for Breach of Implied Contract of Bailment

Mulholland moves to dismiss Plaintiffs' state law claim for breach of implied contract of bailment on the grounds that it is barred by Eleventh Amendment or Sovereign Immunity. (Doc. 42-1 at 5–6). The Court need not reach that issue, because it declines to exercise supplemental jurisdiction over Plaintiffs' state law claim against Mulholland.

District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. As a result, the Court has original jurisdiction over Plaintiffs' federal claims. District courts may exercise supplemental jurisdiction over state-law claims, that are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy[.]" 28 U.S.C. § 1367(a). The Court, therefore, may exercise supplemental jurisdiction over Plaintiffs' state-law claims.

A district court, however, may decline to exercise supplemental jurisdiction over a claim if it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). When deciding whether to exercise supplemental jurisdiction over a state-law claim, the Court should consider "judicial economy, fairness, and comity[.]" *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1288 (11th Cir. 2002) (citing *Baggett v. First Nat'l Bank of Gainesville*, 177 F.3d 1343, 1353 (11th Cir. 1997)). Both comity and judicial economy are served when state courts are given the opportunity to resolve issues of state law. *Rowe*, 279 F.3d at 1288. And this

declination to exercise jurisdiction is particularly strong when federal law claims have been dismissed prior to trial. *Id.*

Here, the Court has granted Defendant Mulholland's Motion to Dismiss all federal claims against him. Considering judicial economy, fairness, and comity, the Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claim against Mulholland. As such, the Court makes no determination as to the merits of that state law claim. Accordingly, Plaintiffs' state-law claim, at Count VI of the FAC against Mulholland is **DISMISSED WITHOUT PREJUDICE**. Defendant Mulholland's Motion to Dismiss Plaintiffs' state-law claim of breach of implied contract of bailment is, therefore, **DENIED**, on the grounds asserted, as moot.

## IV.   CONCLUSION

Accordingly, it is hereby **ORDERED** that:

1.      Plaintiffs' Motion for Leave to File an Amended Complaint (Doc. 44) is **DENIED**.

2.      Defendant's Motion to Dismiss (Doc. 42) is **GRANTED** as follows:

a.      Plaintiffs' § 1983 claims against Mulholland in his official capacity are **DISMISSED WITHOUT PREJUDICE**.

b.      Counts II, III, and IV of the FAC stating § 1983 claims against Mulholland in his individual capacity and Count V stating a claim for attorney fees under § 1988 are **DISMISSED WITH PREJUDICE**.

c.      Count VI of the FAC stating Plaintiffs' state law claim against Mulholland for breach of an implied contract of bailment is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED**, this 7th day of May 2026.

/s/W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

16